**RUSSELL BROWN**, CSB 297991
RBX LAW
924 Anacapa St., Ste. 1-T
Santa Barbara, CA 93101
(805) 635-7766 / (805) 283-7564 facsimile
Email: rablaw805@gmail.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUAN EMANUEL LOCOCO,<br><br>Plaintiff,<br>vs.<br><br>LOS ANGELES CITY, LOS ANGELES WORLD AIRPORTS, LOS ANGELES AIRPORT POLICE., OFFICER ALVARADO, OFFICER GARAY, SGT. FAYTOL, and DOES 1 through 10,<br><br>Defendants. | Case No.: 2:23-cv-09963<br><br>**FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

At the time of filing of the original complaint, Plaintiff was ignorant of the identity of the Los Angeles World Airports and the basis for their liability as alleged herein. Similarly, Plaintiff was unaware that the named officers were members of the Los Angeles Airport Police Department as opposed to the Los Angeles Police Department as alleged in the Complaint. Plaintiff became aware of these facts when Plaintiff attempted to serve the named officers and was told they are not members of the Los Angeles Police Department. Plaintiff's First Amended Complaint substitutes

Los Angeles World Airports and Los Angeles Airport Police Department as DOES 1 and 2, respectively.

NOW COMES PLAINTIFF, Juan Emanuel Lococo, by his attorney, RBX Law, and as for his first amended complaint alleges as follows:

**NATURE OF THE ACTION**

1. This is an action on behalf of Juan Emanuel Lococo, who is mobility-impaired. Mr. Lococo was arrested by police officers employed by the City of Los Angeles, and was not provided with mobility assistance despite Lococo's insistence that he is mobility impaired. This Complaint states causes of action under federal and state law for violation of civil rights. It also states causes of action in tort under common law.

**PARTIES**

2. At all times relevant hereto Plaintiff Juan Emanuel Lococo was and is a resident of the City of La Mirada, County of Los Angeles.

3. At all times material herein, defendant City of Los Angeles ("The City") was and is a public entity duly organized under the laws of the State of California, and was responsible for the hiring, training, and supervising of the conduct of its employees and agents and the employees and agents of the Los Angeles World Airports Department and the Los Angeles Airport Police Department.

4. At all times material herein, defendant Los Angeles Airport Police Department was and is a public entity responsible for providing training for law enforcement officers employed by the City, including officers employed as law enforcement officers at Los Angeles World Airports and the Los Angeles Airport Police Department. Based on information and belief, this includes the officer defendants named in this complaint.

5. At all times material herein, defendant Los Angeles World Airports was and is a department of the City of Los Angeles and is a public entity responsible for the management, supervision, and control of all airports and airport facilities under the jurisdiction of the City of Los Angeles, including Los Angeles International Airport. Los Angeles World Airports is also responsible for management, supervision, and control of the Los Angeles Airport Police Department and its employees.

6. At all times material herein, defendant Los Angeles Airport Police was and is a public entity responsible for providing law enforcement services at Los Angeles International Airport and the surrounding areas.

7. At all relevant times, defendants Faytol, Alvarado and Garay were duly appointed police officers employed by The City at the Los Angeles Airport Police Department.

8. Upon information and belief, DOES 3-10 were each responsible in some manner for the injuries and damages alleged herein. The true names and identities are presently unknown by Plaintiff and Plaintiff will amend this complaint to allege their true names and capacities when they are ascertained.

**JURISDICTION AND VENUE**

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 in that this civil rights action arises under federal law, *see* 29 U.S.C. § 794, 42 U.S.C § 1983 and 42 U.S.C. § 12131 et seq. The court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 and principles of pendent and/or ancillary jurisdiction.

10. This court has *in personam* jurisdiction over Defendants because they are located in, conduct operations within, transact business in and provide services within the City of Los Angeles and their principal place of activity and operations is located in the City of Los Angeles, Los Angeles County, California.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because Defendants reside there.

**BACKGROUND**

12. On August 9, 2022, Plaintiff was working as a taxi cab operator at LAX airport. Plaintiff picked up two passengers at LAX-it. Plaintiff and his passengers had a dispute and Plaintiff drove to the Los Angeles Airport Police Department station located at 9160 S. Loyola Blvd.

13. Officers Alvarado and Garay responded from inside the station and arrested Plaintiff for false imprisonment.

14. While attempting to place Plaintiff under arrest, Plaintiff advised Alvarado and Garay that he is mobility impaired. Plaintiff's lack of mobility was also readily apparent to officers because he is morbidly obese. Despite this, the officers ordered Plaintiff to exit his vehicle and get into their patrol vehicle.

15. Plaintiff lost his balance and began to fall multiple times as he walked to the patrol vehicle. Plaintiff told Sergeant Faytol that he needed assistance to walk. Faytol held Plaintiff's arm and walked Plaintiff to the patrol vehicle.

16. Plaintiff's mobility is impaired because he is morbidly obese and has a bad back.

17. Officers ordered Plaintiff to get into their patrol vehicle. It was readily apparent to Officers that Plaintiff would not fit into their patrol vehicle and that Plaintiff was physically incapable of getting into their patrol vehicle without assistance. Nonetheless, Officers ordered Plaintiff into the patrol vehicle and watched as he struggled to do so.

18. While attempting to get into the patrol vehicle, Plaintiff suffered injury to his back, chest, and leg. Plaintiff felt pain and numbness, hyperventilated, and nearly blacked out. Plaintiff was under great distress and suffered severe emotional and physical pain and suffering. Plaintiff has been traumatized by these events and his life has been drastically and forever changed for the worse.

19. Plaintiff complained to officers that he was in pain. Officers eventually requested an ambulance for Plaintiff and he was transported to Marina Del Rey Hospital. Officers left Plaintiff under the care of the Marina Del Rey Hospital. Officers' delay in summoning medical care showed deliberate indifference to Plaintiff's serious medical needs and increased Plaintiff's physical and emotional injuries.

**COUNT 1**

**(Denial of Constitutional Rights)**

20. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 19 as if set forth fully and alleged herein.

21. Defendants acted under color of statute, ordinance, regulation, custom, or usage of a State.

22. As set forth above, Defendants denied Plaintiff full and equal protection of all laws as is enjoyed by non-disabled citizens. Defendants actions violated the 4th, 8th, and 14th Amendments to the United States Constitution, 42 U.S.C. § 1983 and the laws of the State of California, including but not limited to Cal. Civ. Code §§ 52 and 54.

23. Specifically, Defendants used excessive force, failed to accommodate Plaintiff's disability as required by the Americans with Disabilities Act, failed to promptly summon medical care, and failed to afford him due process of law.

24. As a direct and proximate cause of the foregoing conduct, Plaintiff suffered damages involving extreme and grievous physical, emotional, and psychological trauma, all to his detriment.

25. The actions described herein clearly violate established statutory and constitutional norms and it was not objectively reasonable for the officers involved to have believed their conduct would be legal.

26. The public entity defendants are liable for the actions of their police officers under theories of agency and respondent superior because they are aware that officers engage in the conduct described herein and failed to properly hire and train officers in order to prevent the violation of constitutional and state law rights.

27. Officers' actions in violation Plaintiff's constitutional rights were pursuant to the longstanding policies, practices, and/or procedures, including The City, LAPD, Los Angeles World Airport and Los Angeles Airport Police Department's standard

operating procedures and accepted practices with respect to persons with disabilities. This includes Defendants' practice of failing to accommodate persons with disabilities and their use of force with respect to disabled persons. The actions of the public entity defendants indicate deliberate indifference toward Plaintiff and persons with disabilities, in violation of federal law.

**COUNT 2**

**(Discrimination based on Disability under State and Federal Law)**

28. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 28 as if set forth fully and alleged herein.

29. 42 U.S.C. § 12131 et seq., the Americans with Disabilities Act of 1990, The Rehabilitation Act 29 U.S.C. § 794, and California Civil Code § 54 et seq. prohibit discrimination by police officers against those with physical mobility disabilities.

30. The Rehabilitation Act pursuant to § 504 provides, "[n]o otherwise qualified individual with a disability in the United States…shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by an Executive agency[.]" 29 U.S.C. § 794.

31. Plaintiff is mobility impaired and is a qualified individual with a disability under the law.

32. Defendants City of Los Angeles and its subordinate entities (LAPD, Los Angeles World Airports, and Los Angeles Airport Police Department), are public entities that receive federal funding and are subject to Title II of the ADA and the Rehabilitation Act.

33. Officer defendants regarded Plaintiff as being disabled as they knew Plaintiff's mobility was impaired.

34. Plaintiff was entitled to the same law enforcement services that Defendants provide to other non-disabled persons.

35. Specifically, Plaintiff was entitled to the benefit of a lawful exercise of police powers, including but not limited to the right to not be subjected to an unlawful discrimination.

36. Defendants discriminated against Plaintiff because of his disability and failed to provide reasonable accommodation.

37. Defendants' actions were taken under circumstances giving rise to an inference of discrimination. Defendants actions were intentional discrimination and/or deliberate indifference to Plaintiff's rights.

38. As a direct and proximate cause of the foregoing conduct, Plaintiff suffered damages involving extreme and grievous physical, emotional, and psychological trauma, all to his detriment.

**COUNT 3**

**(Intentional Infliction of Emotional Distress)**

39. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 38 as if set forth fully and alleged herein.

40. The acts herein complained of constitute extreme and outrageous conduct undertaken with an intent to cause, or with a reckless disregard of the substantial probability of causing severe emotional distress to Plaintiff, and these acts did in fact cause Plaintiff severe emotional distress.

41. Specifically, Defendants' officers, during the course of their duties, undertook a course of conduct designed to cause emotional and physical distress to Plaintiff for no other purpose than to inflict such suffering.

42. Defendants' actions, being taken in the context of official police authority, and being directed against a helpless victim, were so outrageous as to exceed the bounds tolerated by society.

43. As a direct and proximate cause of the foregoing conduct, Plaintiff suffered damages involving extreme and grievous physical, emotional, and psychological trauma, all to his detriment.

44. The City is liable for the actions of its police officers under theories of agency and respondeat superior. This liability is further based on The City's, LAPD's, Los Angeles World Airports' and Los Angeles Airport Police Department's longstanding policies and practices and failure to train and supervise its employees with respect to the accommodation of disabled persons.

**COUNT 4**

**(Injunction)**

45. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 44 as if set forth fully and alleged herein.

46. Money damages are insufficient to fully address the claims set forth herein, and irreparable injury will result unless Plaintiff is granted permanent injunction requiring the City and its subordinate entities to provide mobility assistance or otherwise modify its policies with respect to mobility-impaired persons who are arrested and/or taken into custody.

**PRAYER**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

1. Compensatory damages in an amount according to proof;

2. Punitive damages in an amount according to proof;

3.Injunctive relief against the the City of Los Angeles commanding those entities to provide mobility assistance or otherwise modify its policies with respect to mobility-impaired persons who are arrested and taken into custody.

4.Attorney's fees and costs pursuant to Title 42, U.S.C. § 1988, Cal. Civil Code § 55, Cal. Civ. Proc. Code § 1021.5, California's private attorney general doctrine, and any other appropriate statute;

5.Costs of suit; and

6.Such other and further relief as the court deems appropriate and just.

DATED: January 26, 2023

**RUSSELL BROWN**
Attorney for Plaintiff

s/ Russell Brown

By____________________________________

Russell Brown

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED: January 26, 2023

**RUSSELL BROWN**
Attorney for Plaintiff

s/ Russell Brown

By______________________________
Russell Brown