UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-09963-RGK-MRW | Date | May 14, 2024 |
| Title | ***Juan Emanuel Lococo v. Los Angeles City et al.*** | | |

| | | |
|---|---|---|
| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Re: Motion to Dismiss Plaintiff's First Amended Complaint [DE 41]**

## I. INTRODUCTION

On January 26, 2024, Juan Emmanuel Lococo ("Plaintiff") filed the operative First Amended Complaint ("FAC") against Los Angeles City, Los Angeles Police Department, Los Angeles World Airports, Los Angeles Airport Police, Officer Alvarado, Officer Garay, and Sergeant Faytol (collectively, "Defendants") asserting claims under 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), and California law. (ECF No. 16.) Presently before the Court is Defendants' Motion to Dismiss the FAC. (ECF No. 41.) For the following reasons, the Court **GRANTS** the Motion.

## II. FACTUAL BACKGROUND

Plaintiff alleges the following:

On August 9, 2022, Plaintiff, a taxicab operator, picked up two passengers from Los Angeles International Airport ("LAX"). Plaintiff and the passengers had a disagreement, which led Plaintiff to drive to the LAX Police Department station for assistance.

Alvarado, Garay, and Faytol (the "Individual Defendants") were at the station when Plaintiff arrived. Alvarado and Garay proceeded to arrest Plaintiff for false imprisonment. Plaintiff is "morbidly obese" and has a "bad back." (FAC ¶ 16.) Although it should have been readily apparent that Plaintiff was mobility impaired and too large to fit into a police patrol vehicle, the officers ordered Plaintiff to exit the taxicab and enter the patrol vehicle.

Plaintiff attempted to follow the officers' instructions but lost his balance multiple times as he walked from the taxicab to the patrol vehicle. Plaintiff advised the officers of his disability and asked Faytol to assist him to the patrol vehicle. Faytol responded by holding Plaintiff's arm as he walked.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-09963-RGK-MRW | Date | May 14, 2024 |
|---|---|---|---|
| Title | ***Juan Emanuel Lococo v. Los Angeles City et al.*** | | |

Officers "watched" as Plaintiff struggled to enter the patrol vehicle. (*Id.* ¶ 17.) Plaintiff "suffered injury to his back, chest, and leg [,] . . . felt pain and numbness, hyperventilated, and nearly blacked out." (*Id.* ¶ 18.) Plaintiff told the officers that he was in pain. In response, the officers "eventually" requested an ambulance, which transported Plaintiff to a hospital. (*Id.*)

## III. JUDICIAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if the plaintiff alleges enough facts to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* A plaintiff need not provide "detailed factual allegations" but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

When ruling on a Rule 12(b)(6) motion, the Court must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). The Court must also "construe the pleadings in the light most favorable to the nonmoving party." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012). The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Dismissal "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

## IV. DISCUSSION

Plaintiff asserts the following claims: (1) violations of the Fourth, Eighth, and Fourteenth Amendments under 42 U.S.C. § 1983; (2) disability discrimination under state and federal law; (3) intentional infliction of emotional distress ("IIED"); and (4) "injunction." The Court addresses each in turn.

### A. 42 U.S.C. § 1983

To state a claim under § 1983, a plaintiff "must allege that she suffered the deprivation of a federally protected right and that 'the alleged deprivation was committed by a person acting under color of state law.'" *Park v. City and Cnty. of Honolulu*, 952 F.3d 1136, 1140 (9th Cir. 2020) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). Although individual government employees and municipal entities can be liable under § 1983, "a municipality . . . cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Instead, a municipality can only be

liable under § 1983 if it "maintains a policy or custom that causes the deprivation of a plaintiff's federally protected rights." *Park*, 952 F.3d at 1141. "To state such a claim, a plaintiff must allege that either (1) 'a particular municipal action *itself* violates federal law, or directs an employee to do so'; or (2) the municipality through inaction, failed to implement adequate policies or procedures to safeguard its community members' federally protected rights." *Id.* (quoting *Bd. of Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404, 407–08 (1997)) (emphasis in original).

Plaintiff asserts a single § 1983 claim against all Defendants under multiple theories of liability. The Court begins by addressing the claim with respect to the Individual Defendants.

1. *Individual Defendants*

Plaintiff alleges that the Individual Defendants violated his rights under the Fourth, Eighth, and Fourteenth Amendments. But because Plaintiff was never placed in custody, his interactions with the Individual Defendants implicate only his Fourth Amendment Rights. *See Pierce v. Multnomah Cnty.*, 76 F.3d 1032, 1043 (9th Cir. 1996) ("[T]he Fourth Amendment sets the applicable constitutional limitations on the treatment of an arrestee detained without a warrant up until the time such arrestee is released or found to be legally in custody based upon probable cause for arrest."). Therefore, Plaintiff's attempts to assert a § 1983 claim based on the Eighth and Fourteenth Amendments fail.

An officer who behaves unreasonably when arresting an individual violates the arrestee's Fourth Amendment right to be free from unreasonable seizure. *Graham v. Connor*, 490 U.S. 386, 394 (1989). Here, construing the allegations in the light most favorable to Plaintiff, there are two aspects of his arrest that were potentially unreasonable. First, Plaintiff alleges that the Individual Defendants employed excessive force during his arrest. Second, Plaintiff alleges that the Individual Defendants did not promptly summon an ambulance after he told them he was in pain.

Regarding excessive force, Plaintiff does not describe the use of *any* force, much less excessive force. In fact, the only physical contact Plaintiff alleges is that Faytol held Plaintiff's arm to assist him in walking to the patrol vehicle. And although Plaintiff alleges that he suffered injuries "[w]hile attempting to get into the patrol vehicle," the arresting officers allegedly "ordered Plaintiff into the patrol vehicle and *watched* as he struggled to do so." (FAC ¶ 17 (emphasis added).)

Plaintiff also fails to plead any facts that indicate Defendants acted unreasonably when they summoned an ambulance after he told them he was in pain. Although Plaintiff's allegation that an ambulance was "eventually" summoned suggests at least some delay, Plaintiff fails to plead that a reasonable police officer would have acted with a greater sense of urgency.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-09963-RGK-MRW | Date | May 14, 2024 |
| Title | ***Juan Emanuel Lococo v. Los Angeles City et al.*** | | |

Because Plaintiff does not allege that the Individual Defendants behaved unreasonably during his arrest, he fails to state a cognizable § 1983 claim against these parties.[1] The Court next addresses the § 1983 claim with respect to Los Angeles City, Los Angeles Police Department, Los Angeles World Airports, and Los Angeles Airport Police Department (the "Municipal Defendants").

2. *Municipal Defendants*

Plaintiff alleges that the Municipal Defendants "are liable for the actions of their police officers under theories of agency and respondent [sic] superior . . . ." (*Id.* ¶ 26.) Plaintiff additionally alleges that the Municipal Defendants maintained a "practice of failing to accommodate persons with disabilities and their use of force with respect to disabled persons." (*Id.* ¶ 27.) Neither of these allegations states a § 1983 claim. "[A] municipality cannot be held liable *solely* because it employs a tortfeasor." *Monell*, 436 U.S. at 691 (emphasis in original). And Plaintiff's conclusory allegation of an ongoing practice is insufficient to state a claim. *Iqbal*, 556 U.S. at 678.

In summary, Plaintiff has not stated a § 1983 claim against either the Individual or Municipal Defendants. Accordingly, the Court **DISMISSES** the § 1983 claim in its entirety.

**B. Disability Discrimination**

Plaintiff asserts a claim for disability discrimination under federal and state law.[2] Under the ADA, a disabled person cannot be excluded from participating in "the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a claim under § 12132, a plaintiff must show that: (1) he has a disability; (2) he "is otherwise qualified to participate in or receive the benefit of a public entity's services, programs, or activities"; and (3) the public entity discriminated against him on the basis of his disability. *Sheehan v. City & Cty. of San Francisco*, 743 F.3d 1211, 1232 (9th Cir. 2014), *overruled on other grounds by City and Cnty. of San Francisco v. Sheehan*, 575 U.S. 600 (2015).

When an ADA claim is "grounded in a public entity's alleged failure to provide a reasonable accommodation . . . the plaintiff bears the initial burden of producing evidence of the existence of a reasonable accommodation." *Sheehan*, 743 F.3d at 1232–33. In his Opposition, Plaintiff suggests that he could have been placed in an ambulance, rather than a patrol vehicle. Plaintiff does not, however, plead

[1] In addition to their arguments regarding the insufficiency of Plaintiff's pleadings, the Individual Defendants argue that they are entitled to qualified immunity. Because Plaintiff has not pleaded any violation of his constitutional rights, the Court need not reach this issue. *O'Brien v. Welty*, 818 F.3d 920, 936 (9th Cir. 2016). Accordingly, the Court **DENIES** Defendants' Request for Judicial Notice of the Department of Justice's guidelines on arresting individuals with disabilities **as moot**.
[2] The FAC references two federal statutes—the ADA and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794—and one state statue—California Civil Code Section 54. Neither Plaintiff nor Defendants address the Rehabilitation Act or California law in their briefing. Accordingly, the Court addresses the disability discrimination claim only in the context of the ADA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-09963-RGK-MRW | Date | May 14, 2024 |
| --- | --- | --- | --- |
| Title | ***Juan Emanuel Lococo v. Los Angeles City et al.*** | | |

that an ambulance was a reasonable accommodation under the circumstances of his arrest. For this reason, the Court **DISMISSES** the disability discrimination claim.

**C. <u>IIED</u>**

To establish a claim for IIED, a plaintiff must show: (1) that the defendant engaged in "extreme and outrageous conduct . . . with the intention of causing, or reckless disregard of the probability of causing, emotional distress"; (2) severe or extreme emotional distress; and (3) causation. *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009). "A defendant's conduct is outrageous when it is so extreme as to exceed all bounds of that usually tolerated in a civilized community. And the defendant's conduct must be intended to inflict injury or engaged in with the realization that injury will result." *Id.* at 1050–51 (cleaned up). A defendant is not liable for "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Id.* at 1051 (quoting Restatement (Second) of Torts, § 46, Comment *d*). Although excessive force can form the basis of an IIED claim, Plaintiff does not allege excessive force. *Blankenhorn v. City of Orange*, 485 F.3d 463, 487 n.17 (9th Cir. 2007). Accordingly, the Court **DISMISSES** the IIED claim.

**D. <u>Injunction</u>**

Plaintiff seeks a "permanent injunction requiring the City and its subordinate entities to provide mobility assistance or otherwise modify its policies with respect to mobility-impaired persons who are arrested and/or taken into custody." (FAC ¶ 45.) This claim is fundamentally flawed because injunctive relief "is a remedy, not a separate claim of liability." *Anderson v. U.S. Bank, N.A.*, 2013 WL 3968028, at *4 (N.D. Cal. July 31, 2013). Accordingly, the Court **DISMISSES** this claim.

Having dismissed all claims asserted in the FAC, the Court next addresses whether Plaintiff should be granted leave to file amended pleadings.

**E. <u>Leave to Amend</u>**

Plaintiff concedes that his factual allegations are sparse and requests leave to amend his Complaint if it is deemed insufficient. Plaintiff contends there are numerous factual allegations he could add to his Complaint, including that at least one of the officers forcibly pushed him into the patrol vehicle.

The Court should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[U]ndue delay, bad faith or dilatory motive on the part of movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to opposing party by virtue of allowance of amendment, [and] futility of amendment" are sufficient reasons for a district court to deny leave. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-09963-RGK-MRW | Date | May 14, 2024 |
|---|---|---|---|
| Title | ***Juan Emanuel Lococo v. Los Angeles City et al.*** | | |

1973). Absent a showing of any of the above reasons for denying leave, "there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis in original).

Defendants contend that amendment would be futile in this instance because Plaintiff cannot state a cognizable claim. Defendants further argue that Plaintiff's proposed allegation that an officer pushed him into the patrol vehicle contradicts his earlier allegation that the Individual Defendants "watched" as he struggled to enter the vehicle. This inconsistency, according to Defendants, demonstrates bad faith.

While amendment of the "injunction" claim is clearly futile, the same cannot be said of the remaining claims. Although Plaintiff's omission of the allegation that he was pushed into the patrol vehicle raises the Court's suspicions, the allegation is not irreconcilably inconsistent with the FAC. Moreover, the addition of this allegation could cure the deficiency in Plaintiff's excessive force claim. Similarly, although Plaintiff failed to allege that a reasonable accommodation existed for his disability, that pleading deficiency could be cured by amendment. Finally, although it seems highly unlikely that pushing an arrestee into a patrol vehicle is behavior "so extreme as to exceed all bounds of that usually tolerated in a civilized community," there is at least some possibility that Plaintiff could add factual allegations that plausibly state a claim for IIED. *Hughes*, 46 Cal. 4th at 1051. Given the liberal policy in favor of amendment, granting leave to amend is appropriate.

Accordingly, the Court **GRANTS Plaintiff leave to file an amended complaint** that attempts to cure the defects in his § 1983, disability discrimination, and IIED claims.

## V. CONCLUSION

For the foregoing reason, the Court **GRANTS** the Motion and **DISMISSES** the FAC in its entirety. The Court dismisses the claim seeking injunctive relief **with prejudice**. Otherwise, the claims are dismissed **without prejudice**. The Court **GRANTS** Plaintiff **leave to file an amended complaint** curing defects in his § 1983, disability discrimination, and IIED claims within **14 days** of this Order's issuance.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer JRE/ak