UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-09963-RGK-MRW | Date | July 11, 2024 |
|---|---|---|---|
| Title | ***Juan Emanuel Lococo v. Los Angeles City et al.*** | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Re: Motion to Dismiss Plaintiff's Second Amended Complaint [DE 60]**

## I. INTRODUCTION

On February 13, 2024, Juan Emanuel Lococo ("Plaintiff") filed a First Amended Complaint ("FAC") against Officer Alvarado, Officer Garay, Sergeant Faytol, Los Angeles City, Los Angeles Police Department, Los Angeles World Airports, and Los Angeles Airport Police Department (collectively, "Defendants") alleging several claims arising out of his arrest. (ECF No. 16.) On May 14, 2024, the Court granted Defendants' Motion to Dismiss the FAC and granted Plaintiff leave to file amended pleadings. (ECF No. 58.) Subsequently, on May 27, 2024, Plaintiff filed the operative Second Amended Complaint ("SAC"). (ECF No. 59.)

Presently before the Court is Defendants' Motion to Dismiss the SAC. (ECF No. 60.) For the reasons below, the Court **GRANTS** the Motion **in part**.

## II. FACTUAL BACKGROUND

Plaintiff alleges the following:

On August 9, 2022, Plaintiff, a taxicab operator, picked up two passengers from Los Angeles International Airport ("LAX"). Following a disagreement between Plaintiff and the passengers, Plaintiff drove to the LAX Police Department for assistance. Officers Alvarado and Garay proceeded to arrest Plaintiff for false imprisonment.

Plaintiff advised the arresting officers that he is "morbidly obese" and requires a cane to walk. (SAC ¶ 15.) The officers ordered Plaintiff to exit the taxicab and enter the patrol vehicle and denied Plaintiff's request for a wheelchair. Plaintiff lost his balance and fell several times walking from the taxicab to the patrol vehicle. After Plaintiff requested walking assistance, Faytol held Plaintiff's arm as he walked.

Upon arriving at the vehicle, Plaintiff advised the officers that he could not enter the car due to his obesity and prior spinal surgery and requested a full-size Chevy Tahoe or an 11-passenger van to accommodate his disabilities. Faytol declined Plaintiff's request and ordered Plaintiff to enter the patrol vehicle.

When Plaintiff attempted to enter the patrol vehicle, his leg "became jammed between the door and the car," causing him to scream from pain. (SAC ¶ 20.) In response, Faytol pushed Plaintiff's hip into the vehicle, which caused Plaintiff to continue screaming. This incident concerned another officer, who asked Faytol "what he was doing to Plaintiff and why Plaintiff was screaming." (*Id.* ¶ 21.) Faytol eventually pushed Plaintiff into the vehicle, but the force "firmly wedged" Plaintiff between the seat and the vehicle's cage divider. (*Id.* ¶ 23.) Plaintiff eventually pulled himself up and fell out of the car. The officers then requested an ambulance to transport Plaintiff to a hospital. Plaintiff was hospitalized for 10 days and suffered numerous injuries.

## III. JUDICIAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 8(a), a complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A defendant may move to dismiss the claim under Rule 12(b)(6) where a plaintiff fails to adequately state a claim for relief. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible if the plaintiff alleges enough facts to allow the court to draw a reasonable inference that the defendant is liable. *Id.* While a plaintiff need not provide detailed factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

When ruling on a 12(b)(6) motion, the court must accept the allegations in the complaint as true and construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Dismissal is "appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

## IV. DISCUSSION

The Court dismissed the FAC because Plaintiff's claims were not sufficiently supported by factual allegations. In the SAC, Plaintiff asserts the following claims, which are substantially similar claims to those asserted in the FAC: (1) denial of constitutional rights; (2) disability discrimination; and (3) intentional infliction of emotional distress ("IIED").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-09963-RGK-MRW | Date | July 11, 2024 |
|---|---|---|---|
| Title | ***Juan Emanuel Lococo v. Los Angeles City et al.*** | | |

Plaintiff asserts his claims against two groups of defendants: (1) the individual officers who arrested him and (2) the municipal entities that employed them. The Court addresses the claims against Alvarado, Garay, and Faytol (the "Individual Defendants") and Los Angeles City, Los Angeles Police Department, Los Angeles World Airports, and Los Angeles Airport Police Department (the "Municipal Defendants") in turn.

**A. Individual Defendants**

Defendants argue that Plaintiff's claims fail because they are not supported by sufficient factual allegations. In the alternative, the Individual Defendants argue that they are entitled to qualified immunity. The Court addresses each of Plaintiff's claims, then turns to qualified immunity.

1. *Civil Rights*

Plaintiff asserts a single claim for violations of his constitutional rights under both federal and state law. The Court addresses the federal and state law theories in turn.

*a. Federal Law*

An officer violates a plaintiff's civil rights under 42 U.S.C. § 1983 if he "depriv[es] [the plaintiff] of a federally protected right" while "acting under color of state law" *Park v. City & Cnty. of Honolulu*, 952 F.3d 1136, 1140 (9th Cir. 2020) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)) (internal quotation marks omitted). Plaintiff alleges that the Individual Defendants violated his Fourth Amendment[1] right to be free from unreasonable seizure by employing excessive force during his arrest and failing to promptly summon medical care to treat his injuries. Defendants argue that Plaintiff's allegations of excessive force are incoherent, and therefore, fail to state a claim. Defendants additionally argue that Plaintiff's account of his arrest—to the extent that it is intelligible—demonstrates that the Individual Defendants acted reasonably, both in their use of force and in summoning care.

Regarding Plaintiff's allegations of excessive force, the Court disagrees that they are so incoherent that they fail to state a claim. Although perhaps inartful, the SAC alleges that Plaintiff was forcibly shoved into the patrol vehicle despite Plaintiff warning the Individual Defendants of his disability. The Court also disagrees that Plaintiff's account demonstrates a reasonable use of force. An

[1] In its Order dismissing the FAC, the Court explained that "because Plaintiff was never placed in custody, his interactions with the Individual Defendants implicate only his Fourth Amendment Rights." (Min. Order at 3, ECF No. 58.) Nevertheless, in the SAC, Plaintiff alleges that Defendants violated the Fourth, Eighth, and Fourteenth Amendments. Because the Court previously rejected any theory of liability other than a violation of the Fourth Amendment, the Court limits its analysis to Plaintiff's Fourth Amendment allegations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-09963-RGK-MRW | Date | July 11, 2024 |
|---|---|---|---|
| Title | ***Juan Emanuel Lococo v. Los Angeles City et al.*** | | |

officer's use of force is excessive when "the nature and quality of the intrusion on the individual's Fourth Amendment interests [outweighs] the importance of the governmental interests alleged to justify the intrusion." *Scott v. Harris*, 550 U.S. 372, 383 (2007) (citing *United States v. Place*, 462 U.S. 696, 703 (1983)) (internal quotation marks omitted). Here, Plaintiff pleads that the importance of the governmental interests was low because he was not a threat to himself or others. Conversely, the Individual Defendants' use of force was allegedly significant, causing Plaintiff pain and resulting in 10 days of hospitalization. Moreover, the Individual Defendants' alleged failure to accommodate Plaintiff's disability[2] may independently constitute excessive force. *See Sheehan v. City and Cnty. of San Francisco*, 743 F.3d 1211, 1225 (9th Cir. 2014), *overruled on other grounds sub nom. City and Cnty. of San Francisco v. Sheehan*, 575 U.S. 600 (2015) (reasoning that officers may have conducted a search in an unreasonable manner when they failed to accommodate the plaintiff's disability).

Regarding Plaintiff's allegation that the Individual Defendants unreasonably delayed in summoning medical care, Plaintiff alleges that he was "in obvious distress and pain" and was "crying out in pain for a substantial period of time" before the Individual Defendants summoned medical care. (SAC ¶ 35.) Unlike Plaintiff's previous allegation that the Individual Defendants "eventually" called an ambulance, the SAC sufficiently pleads that a reasonable police officer would have acted with a greater sense of urgency. *See Graham v. Connor*, 490 U.S. 386, 388 (1989) (holding that Fourth Amendment claims are analyzed under an "objective reasonableness standard") (internal quotation marks omitted). For these reasons, Plaintiff adequately pleads that the Individual Defendants are liable under § 1983.

*b. State Law*

Plaintiff additionally alleges that the Individual Defendants violated California's Tom Bane Civil Rights Act.[3] "The elements of a Bane Act claim are essentially identical to the elements of a § 1983 claim, with the added requirement that the government official had a specific intent to violate a constitutional right." *Hughes v. Rodriguez*, 31 F.4th 1211, 1224 (9th Cir. 2022) (citing *Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018)). Defendants contend that Plaintiff makes no allegations regarding the Individual Defendants' specific intent. The Court agrees. Although Plaintiff has pleaded that Faytol "acted out of anger and frustration," and continued shoving Plaintiff despite his cries, Plaintiff cites to no authority indicating that these allegations are sufficient to allege specific intent.

---

[2] Defendants argue that the officers did not act unreasonably in denying Plaintiff an accommodation for his disability. Specifically, Defendants contend that because Plaintiff was operating a taxicab at the time of his arrest, he was necessarily able to enter the patrol vehicle. The Court disagrees that Plaintiff's allegations about his inability to enter the patrol vehicle are fundamentally incompatible with his occupation as a taxicab operator.

[3] The Tom Bane Civil Rights Act is codified at California Civil Code § 52.1. The SAC, however, asserts a claim under California Civil Code § 52. Because the parties appear to agree that Plaintiff asserts a Bane Act claim, the Court does the same.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-09963-RGK-MRW | Date | July 11, 2024 |
|---|---|---|---|
| Title | ***Juan Emanuel Lococo v. Los Angeles City et al.*** | | |

In summary, Plaintiff has adequately pleaded a claim under § 1983 premised upon a violation of his Fourth Amendment rights. Therefore, the Court **DENIES** the Motion with respect to the civil rights claim against the Individual Defendants. The Court **GRANTS** the Motion with respect to Plaintiff's state law theory.

2. *Disability Discrimination*

As with his civil rights claim, Plaintiff asserts a single disability discrimination claim under both federal and state law. Specifically, Plaintiff asserts violations of Title II of the Americans with Disabilities Act ("ADA") (42 U.S.C. § 12131, *et seq.*); Section 504 of the Rehabilitation Act (29 U.S.C. § 794); and California's Disabled Persons Act ("DPA") (Cal. Civ. Code § 54, *et seq.*). Plaintiff does not specify which Defendants are liable for disability discrimination. However, Plaintiff cannot bring these claims against state employees in their individual capacities. *See Whitall v. Cal. Dep't of Corr. and Rehab.*, 2020 WL 3506400, at *2 (N.D. Cal. June 29, 2020), *overruled on other grounds*, 854 Fed. Appx. 219 (9th Cir. 2021) ("[N]either Title II of the ADA nor Section 504 of the [Rehabilitation Act] provides for individual liability."); Cal. Civ. Code § 54(c) (providing that a violation of the ADA constitutes a violation of the DPA). Therefore, to the extent that Plaintiff asserts the disability discrimination claim against the Individual Defendants, the Court **DISMISSES** the claim.

3. *IIED*

To plead IIED, a plaintiff must allege: (1) that the defendant engaged in "extreme and outrageous conduct . . . with the intention of causing, or reckless disregard of the probability of causing, emotional distress"; (2) severe or extreme emotional distress; and (3) causation. *Hughes v. Pair,* 46 Cal. 4th 1035, 1050 (2009). "A defendant's conduct is outrageous when it is so extreme as to exceed all bounds of that usually tolerated in a civilized community. And the defendant's conduct must be intended to inflict injury or engaged in with the realization that injury will result." *Id.* at 1050-51 (cleaned up). As the Court noted in its Order dismissing the FAC, excessive force can provide the basis for an IIED claim. (*See* Min. Order at 5 (citing *Blankenhorn v. City of Orange*, 485 F.3d 463, 487 n.17 (9th Cir. 2007)).)

Defendants argue that dismissal is appropriate because: (1) the Individual Defendants' alleged conduct was not outrageous and (2) Plaintiff's pleadings are conclusory. The Court agrees that Plaintiff has failed to plead outrageous conduct, just as he has not pleaded specific intent under the Bane Act. Because he has not pleaded that the Individual Defendants had "the intention of causing, or reckless disregard of the probability of causing, emotional distress," the Court **DISMISSES** the IIED claim against the Individual Defendants. *Hughes*, 46 Cal. 4th at 1050.

4. *Qualified Immunity*

Qualified immunity was created to "give government officials breathing room to make reasonable but mistaken judgments about open legal questions." *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011). Officers are immune from liability under § 1983 "unless it is shown that the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Plumhoff v. Rickard*, 572 U.S. 765, 778 (2014) (citing *al-Kidd*, 563 U.S. at 735) (internal quotation marks omitted). A right is clearly established where "existing precedent . . . placed the statutory or constitutional question beyond debate." *al-Kidd*, 563 U.S. at 741. The Individual Defendants contend that they are entitled to qualified immunity because (1) Plaintiff failed to properly plead a constitutional violation and (2) the right was not clearly established because the Department of Justice ("DOJ") directs law enforcement that "[s]ome individuals [with mobility disabilities] might be safely transported in patrol cars." (Defs.' Req. for Judicial Notice[4], Ex. B at 6, ECF No. 61-1.) Both arguments fail.

Regarding the first argument, Plaintiffs have adequately pleaded a Fourth Amendment violation, as discussed above. Regarding the second argument, the DOJ policy fails to illustrate that the Individual Defendants' alleged behavior did not amount to a constitutional violation. In fact, the DOJ policy acknowledges that "[s]tandard transport practices may be dangerous for many people with mobility disabilities. Officers should use caution not to harm an individual . . . . The best approach is to ask the person what type of transportation he or she can use . . . ." (*Id.*) Although it appears possible that no "existing precedent [has] placed" the constitutionality of the Individual Defendants' actions "beyond debate," Defendants have not raised this argument. *al-Kidd*, 563 U.S. at 741. Accordingly, the Individual Defendants fail to demonstrate that they are entitled to qualified immunity.

**B. Municipal Defendants**

The Court next addresses each of Plaintiff's claims concerning the Municipal Defendants, beginning with the civil rights claim.

1. *Civil Rights*

*a. Federal Law*

Although a municipal entity may be liable under § 1983 for maintaining an unconstitutional policy or practice, or additionally a failure to train, it "cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 691 (1978). To

[4] Defendants request that the Court take judicial notice of the DOJ's guidelines provided to law enforcement regarding ADA compliance. (ECF No. 61.) Because the guidelines are not subject to reasonable dispute, the Court **GRANTS** the Request.

allege an unconstitutional policy or practice, a plaintiff must: "(1) identify the challenged policy/custom; (2) explain how the policy/custom is deficient; (3) explain how the policy/custom caused the plaintiff harm; and (4) reflect how the policy/custom amounted to deliberate indifference." *Young v. City of Visalia*, 687 F. Supp. 2d 1155, 1163 (E.D. Cal. 2010). "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (citing *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 410 (1997)) (cleaned up). Where a plaintiff alleges a failure to train, he ordinarily must show "a pattern of similar constitutional violations by untrained employees." *Connick*, 563 U.S. at 62*; see also Blankenhorn*, 485 F.3d at 484 ("[E]vidence of the failure to train a single officer is insufficient to establish a municipality's deliberate policy.").

Plaintiff first contends that the Municipal Defendants' policy or practice of not instructing officers to inform disabled arrestees of available accommodations amounted to a violation of his constitutional rights. But Plaintiff fails to provide any factual allegations indicating that the Municipal Defendants were put on notice that the policy was "substantially certain to result in the violation of the constitutional rights of their citizens." *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1076 (9th Cir. 2016). Plaintiff next contends that the Municipal Defendants failed to adequately train the Individual Defendants. However, Plaintiff does not allege any repeated patterns of excessive force or deprivations of federally protected rights by the Individual Defendants or any other officer employed by the Municipal Defendants. Furthermore, Plaintiff's pleaded violation does not rise to the high level of dereliction typically required to show deliberate indifference absent repeated patterns of constitutional violations. *See Flores v. Cnty. of Los Angeles*, 758 F.3d 1154, 1159 (9th Cir. 2014) (upholding dismissal of a municipal § 1983 claim where the plaintiff failed to allege a "pattern of similar constitutional violations by untrained employees" or obviously unconstitutional policy). For these reasons, Plaintiff does not plausibly state that the Municipal Defendants are liable under § 1983.

*b. State Law*

As discussed above, the pleading requirements under the Bane Act are substantially similar to the pleading requirements under § 1983. Since Plaintiff does not plausibly state that the Municipal Defendants are liable under § 1983, Plaintiff likewise does not plausibly state liability under the Bane Act.

In summary, Plaintiff has failed to plead that the Municipal Defendants are liable for civil rights violations under either federal or state law. Therefore, the Court **DISMISSES** the civil rights claim against the Municipal Defendants.

2. *Disability Discrimination*

As discussed above, Plaintiff asserts a single disability discrimination claim under the ADA, Rehabilitation Act, and DPA. The Court addresses each theory in turn.

*a. Federal Law*

Plaintiff asserts that the Municipal Defendants violated the ADA and the Rehabilitation Act. The Court addresses each theory, beginning with the ADA.

i. ADA

To sue under Title II of the ADA, a plaintiff must establish that he (1) is an individual with a disability; (2) was "otherwise qualified to participate in or receive the benefit of a public entity's services, programs, or activities;" (3) was discriminated against; and (4) that such discrimination was due to his disability. *Daubert v. Lindsay Unified Sch. Dist.*, 760 F.3d 982, 985 (9th Cir. 2014). An individual with a physical impairment that limits one or more major life activities, such as "walking . . . [or] bending" qualifies as disabled under the ADA. 42 U.S.C. § 12102(2)(A). Moreover, post-arrest police transport constitutes a public service, program, or activity, as it is a normal function of the police department. *See Where Do We Go Berkeley v. Cal. Dep't of Transp.*, 32 F.4th 852, 861 (9th Cir. 2022) ("the ADA's prohibition on discrimination in public programs brings within its scope anything a public entity does.") (citing *Barden v. City of Sacramento*, 292 F.3d 1073, 1076 (9th Cir. 2002)) (cleaned up).

Defendants contend that Plaintiff has not alleged: (1) a disability under the ADA; (2) that Defendants operated a place of public accommodation; or (3) that Plaintiff was denied public services because of his disability. The Court disagrees. First, Plaintiff has plausibly pleaded a disability, as his obesity and prior surgery allegedly impair his ability to walk and bend. Second, police transport is a public service because it is a "normal function of a governmental entity." *Id.* Third, Plaintiff has plausibly pleaded that his disability was the reason he was unable to enter the vehicle. Accordingly, Plaintiff sufficiently pleads liability under the ADA.

ii. Rehabilitation Act

A plaintiff can plead a Rehabilitation Act violation by pleading an ADA violation and alleging that "the program receives federal financial assistance." *Payan v. L.A. Cmty. Coll. Dist.*, 11 F.4th 729, 738 (9th Cir. 2021) (internal quotation marks omitted). The Municipal Defendants contend that since Plaintiff cannot plead ADA liability, he cannot plead liability under the Rehabilitation Act. However, as discussed above, Plaintiff has properly pleaded an ADA violation. Moreover, the Municipal Defendants do not dispute that they receive federal financial assistance. Consequently, Plaintiff has pleaded liability under the Rehabilitation Act.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-09963-RGK-MRW | Date | July 11, 2024 |
|---|---|---|---|
| Title | ***Juan Emanuel Lococo v. Los Angeles City et al.*** | | |

*b. State Law*

To plead a violation of the DPA, a plaintiff must plead a violation of the ADA. Cal. Civ. Code § 54(c). As discussed, Plaintiff has properly pleaded an ADA violation. Thus, Plaintiff has pleaded liability under the DPA.

In summary, Plaintiff has pleaded that the Municipal Defendants are liable for disability discrimination under both federal and state law. Therefore, the Court **DENIES** the Motion with respect to the disability discrimination claim against the Municipal Defendants.

3. *IIED*

Under California law, public entities are vicariously liable "for injur[ies] proximately caused by an act or omission of an employee of the public entity within the scope of his employment . . . ." *Black v. City of Blythe*, 562 F. Supp. 3d 820, 829 (C.D. Cal. 2022) (quoting Cal. Gov't Code § 815.2). As discussed above, Plaintiff has not pleaded an IIED claim against the Individual Defendants. Accordingly, the Court **DISMISSES** the IIED claim against the Municipal Defendants.

**C. Leave to Amend**

Plaintiff requests leave to amend his pleadings if the Court dismisses any of his claims. The Court should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a). However, the Supreme Court has held that a "repeated failure to cure deficiencies by amendments previously allowed" and "futility of amendment" are sufficient reasons for a district court to deny leave. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiff has amended his pleadings twice and failed to plead a civil rights claim against the Municipal Defendants or an IIED claim against any Defendant. Additionally, amendment of Plaintiff's disability discrimination claim against the Individual Defendants is clearly futile, since Plaintiff cannot assert a disability discrimination claim against them. Accordingly, the Court **DENIES** Plaintiff's request for leave to file amended pleadings.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion **in part**. As to the Individual Defendants, the Court **DISMISSES** the disability discrimination and IIED claims **with prejudice**. As to the Municipal Defendants, the Court **DISMISSES** the civil rights and IIED claims **with prejudice**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-09963-RGK-MRW | Date | July 11, 2024 |
| Title | ***Juan Emanuel Lococo v. Los Angeles City et al.*** | | |

The Court **DENIES** the Motion with respect to the remaining claims. Plaintiff has pleaded a § 1983 claim premised upon a violation of his Fourth Amendment rights against the Individual Defendants and a claim for disability discrimination against the Municipal Defendants.

**IT IS SO ORDERED.**

:

Initials of Preparer JRE/ak